# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGE MARLOW COLE | § | |
| | § | |
| V. | § | A-18-CV-983-RP |
| | § | |
| DIRECTOR TDCJ - CID | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 11). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred, and alternatively, denied on the merits.

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas, in cause numbers D-1-DC-15-300618, D-1-DC-15-203824, and D-1-DC-15-203283. Petitioner was charged with the felony offenses of the manufacture or delivery of a controlled substance in a drug-free zone, enhanced; unlawful possession of a firearm by a felon; and possession of a controlled substance. Pursuant to a plea agreement, the State waived the enhancements in cause number D-1-DC-15-300618 and Petitioner was sentenced to five years' confinement for each offense with the sentences ordered to run concurrently. The initial judgment form issued on June 24, 2016, in cause number D-1-DC-15-300618 provided the offense was "MAN DEL CS PG1<1G COCAINE." On July 13,

2016, the Court issued a judgment nunc pro tunc, modifying the offense description to "MAN DEL CS PG1<1G COCAINE IN A DRUG FREE ZONE."

Petitioner filed a state application for habeas corpus relief challenging the modification of the judgment and the calculation of his sentence in D-1-DC-15-300618. Ex parte Cole, Appl. No. 87,974-01. On March 28, 2018, the Texas Court of Criminal Appeals denied it without written order on the findings of the trial court after a hearing.

**B.    Grounds for Relief**

Petitioner argues the State, pursuant to the plea bargain, waived the drug-free zone. When Petitioner first entered TDCJ, his sentence was allegedly calculated as a non-aggravated five-year prison sentence consistent with the original judgment. Subsequently, Petitioner's sentence was recalculated as an aggravated five-year prison sentence consistent with the nunc pro tunc judgment. Due to the crime being committed in a drug-free zone, Petitioner must serve his entire five-year sentence in prison and is not eligible for early release.

**C.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claim brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised this claim in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the very latest, on August 12, 2016, at the conclusion of time during which he could have appealed the nunc pro tunc judgment. See TEX. R. APP. P. 26.2(a). In addition, by this date, Petitioner could have discovered the factual predicate of his claim through the exercise of due diligence.

At the time Petitioner filed his state application for habeas corpus relief, only 31 days remained of the one-year limitations period. The Texas Court of Criminal Appeals denied Petitioner's state application on March 28, 2018. Therefore, Petitioner had until April 28, 2018, to timely filed his federal application. Petitioner did not execute his federal application until October 10, 2018, after the limitations period had expired.

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

3

way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**B.     The Antiterrorism and Effective Death Penalty Act of 1996**

Alternatively, Petitioner is not entitled to federal habeas corpus relief. The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

5

Petitioner raised the same ground for relief in his state application for habeas corpus relief.

The state trial court made the following findings of fact and conclusions of law:

1. On June 23, 2016, Applicant pled guilty to Delivery of a Controlled Substance, less than 1 gram of cocaine, in a drug-free zone, and was sentenced to five years in prison. As part of the plea agreement, the State waived enhancement, Applicant pled guilty in two other cases, and the State dismissed two other cases.

2. Applicant filed this application for writ of habeas corpus on July 18, 2017. He alleged that waiver of the drug-free zone was part of the plea agreement and that the State violated the agreement by not waiving it.

3. If Applicant's offense had not been committed in a drug-free zone or if [the drug-free zone] had been waived, the offense would have been a state-jail felony rather than a third-degree felony.

4. Applicant's written plea agreement makes no reference to the drug-free zone, but it does correctly classify the offense as a third-degree felony. Applicant's initials appear next to the third-degree felony punishment range as an acknowledgment.

5. Trial counsel, Jorge Sanchez, filed an affidavit that states that waiver of the drug-free zone was supposed to be part of the plea agreement. This court does not find counsel's affidavit to be credible.

6. At Applicant's plea hearing, waiver of the drug-free zone was never mentioned.

7. At Applicant's plea hearing, both Applicant and his trial counsel acknowledged and confirmed that Applicant was pleading guilty to a third-degree felony.

8. At Applicant's plea hearing, Applicant acknowledged that the allegations in the indictment, including that the delivery occurred in a drug-free zone, were true and correct.

9. This court would not have received any testimony as to the drug-free zone if it had been waived.

10. The docket sheet for this case indicates that the enhancements were waived, not the drug-free zone.

11. The State did not agree to waive the drug-free zone and did not violate its plea agreement with Applicant.

Petitioner failed to rebut the state court's findings with clear and convincing evidence. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## CONCLUSION

Petitioner's application for habeas corpus relief is time-barred. Alternatively, Petitioner is not entitled to federal habeas corpus relief.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred. Alternatively, Petitioner's application for writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on June 4, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE